918 F.2d 186
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pantaleon A. MEDINA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3352.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1990.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and MARKEY, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Pantaleon A. Medina appeals from the August 31, 1989 Initial Decision of the Administrative Judge (AJ) in Docket No. SE08318910561, which became the final decision of the Merit Systems Protection Board (Board) when the Board declined review on March 13, 1990. We affirm.
 
 OPINION
 
 2
 In his brief to this court, Mr. Medina's sole complaint is that the Board failed to take into account his
 
 
 3
 services in the Lihue Plantation, Kawai, Hawaii as a laborer; likewise as a Laborer in the Hawaiian Pineapple Co., Oahu, Hawaii and as Cook in the Engineer Dredging Area, Oahu, Hawaii.
 
 
 4
 With respect to the first two allegations of employment, in order to be eligible for benefits under the Civil Service Retirement Act, Medina must have five years of creditable service as an employee within the civil service. See 5 USC 8333(a) and the definition of "employee" set forth in 5 USC 8331(1) and 5 USC 2105. Medina has presented no evidence that at the time of his employment with the Lihue Plantation and the Hawaiian Pineapple Co., he was an "employee" within the meaning of 5 USC 8331(1).
 
 
 5
 With respect to his allegation of employment as a cook for the U.S. Army, the AJ found that Medina was in fact so employed for approximately two and a half years, but concluded that this employment did not satisfy the five year requirement of 5 USC 8333(a). We agree with the AJ's conclusion.